**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| JACKTHREADS, INC. |
| |
| Plaintiff, |
| |
| v. |
| |
| SHIPPING AND TRANSIT, LLC |
| (*f/k/a* ARRIVALSTAR S.A.) |
| |
| Defendant. |

CIVIL ACTION NO. 16-cv-741

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff JackThreads, Inc., complains as follows against Shipping and Transit, LLC, formerly known as ArrivalStar S.A. ("Shipping").

1.      JackThreads seeks a declaratory judgment that four patents owned by Shipping are invalid.  The four patents are (1) U.S. Patent No. 6,415,207 ("the '207 Patent"); (2) U.S. Patent No. 6,904,359 (the '359 Patent"); (3) U.S. Patent No. 6,763,299 ("the '299 Patent"); and (4) U.S. Patent No. 7,400,970 ("the '970 Patent").

2.      JackThreads also seeks a declaratory judgment that (1) its accused e-commerce online ordering platform (www.jackthreads.com), or certain accused functions of that online ordering platform, do not infringe the four Shipping patents and (2) JackThreads does not contribute to or induce infringement of the four Shipping patents by others.

3.      JackThreads seeks this relief because Shipping, the purported owner of the four patents, has sent JackThreads a demand letter dated January 6, 2016 ("Demand Letter"), in which Shipping threatens to file suit if JackThreads does not pay a substantial fee.  A copy of the Demand Letter is attached as Exhibit A.

4.      The threat of suit by Shipping is real and not idle because Shipping (either under its current name or its former name, ArrivalStar) has filed patent infringement actions in over 450 cases in various jurisdictions, including in the Southern District of New York, asserting one or more of the four patents or other patents it owns directed to the same general subject matter.

5.      Moreover, in April 2014, a company that shares (a) the same address as Shipping, (b) overlapping owners and officers, and (c) similar patents directed to similar subject matter (namely, shipping tracking and notification systems), Eclipse IP, LLC, threatened JackThreads and its former parent, Thrillist Media Group, with patent infringement based on the same e-commerce online ordering platform that Shipping now accuses of infringement. Eclipse had also sued many companies over the last two to three years. That case ended in settlement after Thrillist filed a declaratory judgment action here in this Court.

6.      Given the demand letter, and given the litigious bent of Shipping, its predecessor ArrivalStar, its owners and officers, and its affiliates, Shipping's allegations have placed a cloud over JackThreads and its online ordering platform, have injured or are injuring JackThread's business, and have created a concrete and immediate justiciable controversy between JackThreads and Shipping. JackThreads cannot simply stand by to await some filing of litigation at a date in the future. JackThreads has filed this complaint so as to know with certainty that its business can move forward without the sword of Damocles litigation hanging over its head.

## PARTIES

7.      Plaintiff JackThreads, Inc., is a Delaware Corporation with its principal place of business located at 568 Broadway, Suite 506, New York, NY 10012.

8.      Defendant Shipping is a Florida limited liability company with its principal place of business located at 711 SW 24th Avenue, Boynton Beach, FL 33435. Shipping is the

successor-in-interest to ArrivalStar, S.A., and is also associated or under common ownership with Eclipse IP, LLC (now known as Electronic Communication Technologies LLC).   Shipping, ArrivalStar, and Eclipse all have the same business address and all appear to have the same principal owners or officers, Peter Andrew Sirianni and/or Martin Kelly Jones.   All own patents directed to the same subject matter (namely, advanced shipping tracking and notification systems).   All are notorious patent trolls.   *See, e.g.*, https://www.eff.org/deeplinks/2015/07/psa-shipping-and-transit-llc-and-electronic-communication-technologies-llc-are-not.   Shipping does not appear to make or sell any product or service.   Rather, its business appears to be licensing its patents to third parties under threat of patent litigation and actually suing such third parties for patent infringement.

## JURISDICTION AND VENUE

9.      The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201 because this action arises under the patent laws and seeks relief under the Federal Declaratory Judgment Act.

10.      Shipping is subject to personal jurisdiction in the Southern District of New York because Shipping has regularly conducted business in and directed at New York and because Shipping, which appears to be in the business of licensing and enforcing its patent portfolio, has conducted business with companies based in this District relating to the licensing and enforcement of its patents, including *inter alia,* Tradepoint Systems, LLC, Port Authority of New York & New Jersey, Estee Lauder, Armani, Lacoste, Brooks Brothers, Jet Blue, and Coach. Exhibit A, Demand Letter, at p. 12-13.  Further, Shipping, under its previous name ArrivalStar, has filed the following cases in New York:  *ArrivalStar S.A., et al. v. Port Authority*, 1:2011-cv-01808 (SDNY); *ArrivalStar, S.A., et al v. Walker International Transportation, LLC, et al.,*

2:2010-cv-05574 (EDNY);  *ArrivalStar S.A., et al v. TransportGistics, Inc.*, 2:09-cv-04261 (EDNY).  Those cases concern the patents at issue in this case and/or similar patents directed to similar subject matter.  Furthermore, the events giving rise to this action—namely, the demand to take a license to the Shipping patents and the threat of enforcement—occurred primarily and substantially in this District, where JackThreads is headquartered.

11.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because, among other reasons, Shipping is subject to personal jurisdiction in this judicial district, Shipping conducts or has regularly conducted business in this judicial district, Shipping maintains business records in this judicial district, and/or because a substantial part of the events or omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

12.     JackThreads is an e-commerce retailer that operates the style, grooming, and retail website www.jackthreads.com.

13.     Shipping is in the business of licensing and enforcing patents.  Shipping purports to have licensed its patents to, or entered into settlement agreements with, several hundred companies, including companies headquartered here in New York City.  Shipping, under the names Shipping and ArrivalStar, has also filed over 450 lawsuits to force licenses to its patents. These lawsuits exhibit the classic signs of patent troll litigation.  For example, the lawsuits tend to be filed in batches, and nearly all of them settle at an early stage of the litigation, before substantial discovery or adjudication of the merits.

14.     On January 6, 2016, a law firm claiming to represent Shipping, Leslie Robert Evans & Associates, P.A., sent the Demand Letter alleging that certain functions available through the www.jackthreads.com online ordering platform (namely, the "Advance Ship Notice"

and "Shipping Confirmation Email" functions) infringe certain claims of the four Shipping patents.  In the Demand Letter, Shipping demands that JackThreads take a license and adds that "Shipping has, when necessary, filed lawsuits to enforce its patent rights."  Exhibit A at p. 12. Shipping then gave JackThreads 30 days to respond.

## The '970 Patent

15.     Shipping purports to own the '970 Patent, which is entitled "Systems and Method for an Advanced Notification System for Monitoring and Reporting Proximity of a Vehicle." The '970 Patent was issued on July 15, 2008.  A copy of the '970 Patent is attached as Exhibit B.

16.     In the Demand Letter (Exhibit A), Shipping has accused JackThreads of infringing Claim 1 of the '970 Patent.

17.     Claim 1 of the '970 Patent recites the following limitations:

> **1.** A computer based notification system, comprising:
> means for enabling communication with a user that is
>    designated to receive delivery of a package;
> means for presenting one or more selectable options to the
>    user, the selectable options including at least an activa-
>    tion option for instigating monitoring of travel data asso-
>    ciated with a vehicle that is delivering the package to the
>    user;
> means for requesting entry by the user of a package iden-
>    tification number or package delivery number, each per-
>    taining to delivery of the package;
> means for identifying the vehicle based upon the entry;
> means for requesting entry by the user of contact informa-
>    tion indicating one or more communication media to be
>    used in connection with a notification communication to
>    the user;
> means for monitoring the travel data; and
> means for initiating the notification communication per-
>    taining to the package via the one or more communica-
>    tion media, based upon the travel data.

18.     JackThreads does not infringe Claim 1 for at least the following reasons.  As but one example,  Claim 1 requires, *inter alia*, "means for initiating the notification communication pertaining to the package via the one or more communication media, based upon the travel data." The accused JackThreads online ordering platform (at www.jackthreads.com), however, does not initiate a notification communication "based upon the travel data." The '970 Patent defines travel data in the context of real time, periodically updated information about the delivery vehicle containing the package, such as its location or distance and time from the delivery address.  *See, e.g.*, Exh. B, '970 Patent at 6:17-30.  To the extent that the JackThreads system sends any notification communication at all, however, it is done automatically and within just a few minutes after the customer has placed an order, long before the package containing the goods ordered by the customer has been loaded onto a delivery vehicle.  JackThreads does not initiate a notification to the customer with travel data (*e.g.*, the current location of the package as it travels in the delivery vehicle).

19.     Claim 1 also requires "means for identifying the vehicle based upon the entry [of the package identification number]."   The JackThreads system does not identify the vehicle delivering the package.

20.     Claim 1 of the '970 Patent, as well as other claims, are invalid for failure to comply with one or more of the sections of the Patent Code governing validity, namely, 35 U.S.C. §§ 101, 102, 103, and 112.  Without limiting further arguments to be developed during the litigation, the claims of the '970 Patent are anticipated or rendered obvious by certain prior art references, alone or in combination, that were not considered by the USPTO in issuing the patent.  Such prior art includes, *inter alia*, Labell, *et al.*, "Advanced Public Transportation

Systems: The State of the Art Update '92" (April 1992)[1]; U.S. Patent No. 4,804,937, "Vehicle monitoring arrangement and system" (1989); and Williams, "Radiodetermination Satellite Service: Applications in Railroad Management," IEEE (1986).  As one example, the Labell (1992) reference describes systems for automatic vehicle location (AVL) for monitoring and real time reporting on the status and location of vehicles.

      21.    Further, the claims are directed to unpatentable subject matter and thus do not meet the threshold of § 101, as the Supreme Court has interpreted that provision in *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).   Under the *Alice* two-part test for subject matter eligibility, a court first determines whether the challenged patent claim is directed to an "abstract idea" or other category of ineligible subject matter and, if so, whether the claim recites an "inventive concept" that transforms the abstract idea into an eligible invention.  *Id*. at 2355-57. Claim 1 and the other claims of the '970 Patent are directed to the abstract idea of letting a customer know when his or her package will arrive.  That can be done by human beings with a telephone and a watch or calendar.  The claims recite no inventive concept that somehow elevates the claims.  Indeed, although the claims nominally recite "a computer based" system in the preamble, the claims do not actually identify any specific computer hardware.  Nor do the claims identify a technical solution to any particular technical problem.  As the Federal Circuit recognized, *Alice* "made clear that a claim directed to an abstract idea does not move into § 101 eligibility territory by merely requiring generic computer implementation."  *buySAFE, Inc. v. Google, Inc*., 765 F.3d 1350, 1354-55 (Fed. Cir. 2014).   As the Federal Circuit also observed, claims directed to fundamental economic activity (*e.g*., e-commerce, business methods, and the

---

[1] During reexamination, the United States Patent and Trademark Office found several claims of a related Shipping patent invalid in view of the Labell reference.  Reexamination of  U.S. Patent No. 7,030,781, Control No. 90/012,612.

like) implemented by generic computer technology are the most like to be found invalid under § 101. *See Mortgage Grader, Inc. v. First Choice Loan Servs. Inc.,* No. 2015-1415, 2015 WL 9854966, at *9 (Fed. Cir. Jan. 20, 2015). The '970 patent is directed to fundamental economic activity or business methods (*i.e.*, logistics, essentially) and, at best, are implemented by generic computer technology. As such, the claims fail the Alice test and thus § 101.

### The '299 Patent

22.    Shipping also purports to own the '299 Patent, which is entitled "Notification Systems and Methods with Notifications Based Upon Prior Stop Locations." The '299 Patent was issued on July 13, 2004. A copy of the '299 Patent is attached as Exhibit C.

23.    In the Demand Letter (Exhibit A), Shipping has accused JackThreads of infringing Claim 79 of the '299 Patent.

24.    Claim 79 of the '299 patent recites the following limitations:

79. A system, comprising:
means for maintaining delivery information identifying a plurality of stop locations;
means for monitoring travel data associated with a vehicle in relation to the delivery information;
means for, when the vehicle approaches, is at, or leaves a stop location:
determining a subsequent stop location in the delivery information;
determining user defined preferences data associated with the stop location, the user defined preferences data including a distance between the vehicle and the subsequent stop that corresponds to when the party wishes to receive the communication; and
sending a communication to a party associated with the subsequent stop location in accordance with the user defined preferences data to notify the party of impending arrival at the subsequent stop location.

25.     JackThreads does not infringe Claim 79 for at least the following reasons.  Claim 79 requires, *inter alia*, "monitoring travel data associated with a vehicle," "determining a subsequent stop location," and then sending a communication notifying the customer "of the impending arrival" of the vehicle at the delivery address.  The '299 Patent specification teaches that the claimed systems track in real time the progress of the delivery vehicle at each predefined stop and then report that information to the ultimate destination.  The accused JackThreads online ordering platform (at www.jackthreads.com), however, does not monitor the progress of the delivery vehicle in real time and then send an email to update the customer on the progress of the vehicle.  Rather, to the extent that the JackThreads system sends any notification communication at all, it is done automatically and within just a few minutes after the customer has placed an order, long before the package containing the goods ordered by the customer has been loaded onto a delivery vehicle.  JackThreads does not initiate a notification to the customer with travel data (*e.g.*, the current location of the package as it travels in the delivery vehicle).

26.     Claim 79 of the '299 Patent, as well as other claims, are invalid for failure to comply with one or more of the sections of the Patent Code governing validity, namely, 35 U.S.C. §§ 101, 102, 103, and 112.  Without limiting further arguments to be developed during the litigation, the claims of the '207 Patent are anticipated or rendered obvious by certain prior art references, alone or in combination, that were not considered by the USPTO in issuing the patent. Such prior art includes, *inter alia*, Labell, *et al.*, "Advanced Public Transportation Systems: The State of the Art Update '92" (April 1992)[2]; U.S. Patent No. 4,804,937, "Vehicle monitoring arrangement and system" (1989); and Williams, "Radiodetermination Satellite

---

[2] During reexamination, the United States Patent and Trademark Office found several claims of a related Shipping patent invalid in view of the Labell reference.  Reexamination of U.S. Patent No. 7,030,781, Control No. 90/012,612.

Service: Applications in Railroad Management," IEEE (1986).  As one example, the Labell (1992) reference describes systems for automatic vehicle location (AVL) for monitoring and real time reporting on the status and location of vehicles.

27.    Further, the claims are directed to unpatentable subject matter and thus do not meet the threshold of § 101, as the Supreme Court has interpreted that provision in *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).   Under the *Alice* two-part test for subject matter eligibility, a court first determines whether the challenged patent claim is directed to an "abstract idea" or other category of ineligible subject matter and, if so, whether the claim recites an "inventive concept" that transforms the abstract idea into an eligible invention.  *Id*. at 2355-57. Claim 79 and the other claims of the '299 Patent are directed to the abstract idea of letting a customer know when his or her package will arrive.  That can be done by human beings with a telephone and a watch or calendar.  The claims recite no inventive concept that somehow elevates the claims.  Indeed, the claims do not even recite any particular computer hardware or other gadgets.  Nor do the claims identify a technical solution to any particular technical problem.  Even if the claims were interpreted as reciting some computer system, it would be generic computer components at best.  As the Federal Circuit recognized, *Alice* "made clear that a claim directed to an abstract idea does not move into § 101 eligibility territory by merely requiring generic computer implementation."  *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1354-55 (Fed. Cir. 2014).   As the Federal Circuit also observed, claims directed to fundamental economic activity (*e.g*., e-commerce, business methods, and the like) implemented by generic computer technology are the most like to be found invalid under § 101.  *See Mortgage Grader*, 2015 WL 9854966, at *9. The '970 patent is directed to fundamental economic activity or

business methods (*i.e.*, logistics, essentially) and, at best, are implemented by generic computer technology.  As such, the claims fail the Alice test and thus § 101.

### The '207 Patent

28.     Shipping further purports to own the '207 Patent, which is entitled "System and Method for Automatically Providing Vehicle Status Information."  The '207 Patent was issued on July 2, 2002.  A copy of the '207 Patent is attached as Exhibit D.

29.     In the Demand Letter (Exhibit A), Shipping has accused JackThreads of infringing Claim 5 of the '207 Patent.

30.     Claim 5 of the '207 patent recites the following limitations:

> 5. A system for monitoring and reporting status of vehicles, comprising:
>
> means for maintaining status information associated with a vehicle, said status information indicative of a current proximity of said identified vehicle;
>
> means for communicating with a remote communication device, said means for communicating including a means for receiving caller identification information automatically transmitted to said communicating means;
>
> means for utilizing said caller identification information to automatically search for and locate a set of said status information; and
>
> means for automatically retrieving and transmitting said set of said status information.

31.     JackThreads does not infringe Claim 5 for at least the following reasons.  Claim 5 is directed to a system "for monitoring and reporting status of vehicles."  To do so, Claim 5 requires, *inter alia*, "means for maintaining status information associated with a vehicle, said

status information indicative of a current proximity of said identified vehicle." The '207 Patent specification teaches that the claimed systems track in real time the progress of the delivery vehicle and then report that information to the customer expecting the package. The accused JackThreads online ordering platform (at www.jackthreads.com), however, does not monitor the progress of the delivery vehicle in real time and then update the customer on the progress of the vehicle. Nor does the system maintain status information on the vehicle, let alone identify it. Rather, to the extent that the JackThreads system notifies the customer at all, it is done automatically and within just a few minutes after the customer has placed an order, long before the package containing the goods ordered by the customer has been loaded onto a delivery vehicle. JackThreads does not update the current location of the package as it travels in the delivery vehicle.

32.     Claim 5 of the '207 Patent, as well as other claims, are invalid for failure to comply with one or more of the sections of the Patent Code governing validity, namely, 35 U.S.C. §§ 101, 102, 103, and 112. Without limiting further arguments to be developed during the litigation, the claims of the '207 Patent are anticipated or rendered obvious by certain prior art references, alone or in combination, that were not considered by the USPTO in issuing the patent. Such prior art includes, *inter alia*, Labell, *et al.*, "Advanced Public Transportation Systems: The State of the Art Update '92" (April 1992)[3]; U.S. Patent No. 4,804,937, "Vehicle monitoring arrangement and system" (1989); and Williams, "Radiodetermination Satellite Service: Applications in Railroad Management," IEEE (1986). As one example, the Labell

---

[3] During reexamination, the United States Patent and Trademark Office found several claims of a related Shipping patent invalid in view of the Labell reference. Reexamination of U.S. Patent No. 7,030,781, Control No. 90/012,612.

(1992) reference describes systems for automatic vehicle location (AVL) for monitoring and real time reporting on the status and location of vehicles.

33.     Further, the claims are directed to unpatentable subject matter and thus do not meet the threshold of § 101, as the Supreme Court has interpreted that provision in *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).   Under the *Alice* two-part test for subject matter eligibility, a court first determines whether the challenged patent claim is directed to an "abstract idea" or other category of ineligible subject matter and, if so, whether the claim recites an "inventive concept" that transforms the abstract idea into an eligible invention.  *Id.* at 2355-57. Claim 5 and the other claims of the '207 Patent are directed to the abstract idea of letting a customer know when his or her package will arrive.  That can be done by human beings with a telephone and a watch or calendar.  The claims recite no inventive concept that somehow elevates the claims.  Indeed, the claims do not even recite any particular computer hardware or other gadgets.  Nor do the claims identify a technical solution to any particular technical problem.  Even if the claims were interpreted as reciting some computer system, it would be generic computer components at best.  As the Federal Circuit recognized, *Alice* "made clear that a claim directed to an abstract idea does not move into § 101 eligibility territory by merely requiring generic computer implementation."  *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1354-55 (Fed. Cir. 2014).   As the Federal Circuit also observed, claims directed to fundamental economic activity (*e.g.*, e-commerce, business methods, and the like) implemented by generic computer technology are the most like to be found invalid under § 101.  *See Mortgage Grader*, 2015 WL 9854966, at *9.  The '970 patent is directed to fundamental economic activity or business methods (*i.e.*, logistics, essentially) and, at best, are implemented by generic computer technology.  As such, the claims fail the Alice test and thus § 101.

**The '359 Patent**

34.     Finally, Shipping purports to own the '359 Patent, which is entitled "Notification Systems and Methods with User-Definable Notifications Based upon Occurance [*sic*] of Events." The '359 Patent was issued on June 7, 2005.  Certain claims of the '359 Patent were amended in the course of an *inter partes* reexamination.   A reexamination certificate with the amended claims issued on May 25, 2010. A copy of the '359 Patent and associated reexamination certificate is attached as <u>Exhibit E</u>.

35.     In the Demand Letter (Exhibit A), Shipping has accused JackThreads of infringing Claim 41 of the '359 Patent.

36.     Claim 41 of the '359 patent recites the following limitations[4]:

---

[4]  In its Demand Letter, Shipping cited to an old version of Claim 41. But Claim 41 was amended during a reexamination.   Below is the current version of Claim 41 as amended.  (The italicized portions were added by amendment.)

**41**. A notification system, comprising:

(a) means for permitting a user to predefine one or more events that will cause creation and communication of a notification relating to the status of a mobile vehicle in relation to a location, comprising:

    (1) means for permitting the user to electronically communicate during a first communication link with the notification system from a user communications device that is remote from the notification system *and the vehicle whose travel is being monitored, the notification system being located remotely from the vehicle*; and

    (2) means for receiving during the first communication link an identification of the one or more events relating to the status of the vehicle, wherein the one or more events comprises at least one of the following: distance information specified by the user that is indicative of a distance between the vehicle and the location, location information specified by the user that is indicative of a location or region that the vehicle achieves during travel, time information specified by the user that is indicative of a time for travel of the vehicle to the location, or a number of one or more stops that the vehicle accomplishes prior to arriving at the location; and

(b) means for establishing a second communication link between the system and the user upon occurrence of the one or more events *achieved by the mobile vehicle during the travel*.

    37.    JackThreads does not infringe Claim 41 for at least the following reasons. Claim 41 is directed to a notification system that requires, inter alia, "means for establishing a second communication link between the system and the user upon occurrence of the one or more events *achieved by the mobile vehicle during the travel*." The '359 Patent specification teaches that the claimed systems track in real time the progress of the delivery vehicle and then report that information to the customer expecting the package. The accused JackThreads online ordering

platform (at www.jackthreads.com), however, does not monitor the progress of the delivery vehicle in real time and then update the customer on the progress of the vehicle.  Specifically, it does not send or establish reporting on events "achieved by the mobile vehicle during travel." Rather, to the extent that the JackThreads system notifies the customer at all, it is done automatically and within just a few minutes after the customer has placed an order, long before the package containing the goods ordered by the customer has been loaded onto a delivery vehicle.  JackThreads does not update the current location of the package as it travels in the delivery vehicle.

38.     Claim 41 of the '359 Patent, as well as other claims, are invalid for failure to comply with one or more of the sections of the Patent Code governing validity, namely, 35 U.S.C. §§ 101, 102, 103, and 112.  Without limiting further arguments to be developed during the litigation, the claims of the '359 Patent are anticipated or rendered obvious by certain prior art references, alone or in combination, that were not considered by the USPTO in issuing the patent. Such prior art includes, *inter alia*, Labell, *et al.*, "Advanced Public Transportation Systems: The State of the Art Update '92" (April 1992)[5]; U.S. Patent No. 4,804,937, "Vehicle monitoring arrangement and system" (1989); and Williams, "Radiodetermination Satellite Service: Applications in Railroad Management," IEEE (1986).  As one example, the Labell (1992) reference describes systems for automatic vehicle location (AVL) for monitoring and real time reporting on the status and location of vehicles.

39.     Further, the claims are directed to unpatentable subject matter and thus do not meet the threshold of § 101, as the Supreme Court has interpreted that provision in *Alice Corp.*

---

[5] During reexamination, the United States Patent and Trademark Office found several claims of a related Shipping patent invalid in view of the Labell reference.  Reexamination of  U.S. Patent No. 7,030,781, Control No. 90/012,612.

*Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).   Under the *Alice* two-part test for subject matter eligibility, a court first determines whether the challenged patent claim is directed to an "abstract idea" or other category of ineligible subject matter and, if so, whether the claim recites an "inventive concept" that transforms the abstract idea into an eligible invention.  *Id*. at 2355-57. Claim 41 and the other claims of the '359 Patent are directed to the abstract idea of letting a customer know when his or her package will arrive.  That can be done by human beings with a telephone and a watch or calendar.  The claims recite no inventive concept that somehow elevates the claims.  Indeed, the claims do not even recite any particular computer hardware or other gadgets.  Nor do the claims identify a technical solution to any particular technical problem.  Even if the claims were interpreted as reciting some computer system, it would be generic computer components at best.  As the Federal Circuit recognized, *Alice* "made clear that a claim directed to an abstract idea does not move into § 101 eligibility territory by merely requiring generic computer implementation."  *buySAFE, Inc. v. Google, Inc*., 765 F.3d 1350, 1354-55 (Fed. Cir. 2014).   As the Federal Circuit also observed, claims directed to fundamental economic activity (*e.g*., e-commerce, business methods, and the like) implemented by generic computer technology are the most like to be found invalid under § 101.  *See Mortgage Grader*, 2015 WL 9854966, at *9.  The '970 patent is directed to fundamental economic activity or business methods (*i.e*., logistics, essentially) and, at best, are implemented by generic computer technology.  As such, the claims fail the Alice test and thus § 101.

## COUNT I
## Declaratory Judgment of Non-infringement of the '970 Patent

40.    JackThreads re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

41.      A concrete and immediate controversy has arisen between the parties regarding infringement of the '970 Patent and JackThread's obligation, if any, to pay Shipping for rights in the patent.  Shipping has indicated that it will seek to enforce the patent in litigation against JackThreads at some future, albeit unspecified, date.

42.      For at least the reasons alleged above, JackThreads has not infringed, induced others to infringe, or contributed to the infringement by others of the '970 Patent.

43.      JackThreads seeks and is entitled to a declaratory judgment that neither it nor its online ordering platform infringe or have infringed under 35 U.S.C. § 271 (or any sub-section thereof) either Claim 1 or any other claim of the '970 patent.

## COUNT II
## Declaratory Judgment of Patent Invalidity of the '970 Patent

44.      JackThreads re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

45.      A concrete and immediate controversy has arisen between the parties regarding infringement of the '970 Patent and JackThread's obligation, if any, to pay Shipping for rights in the patent.  Shipping has indicated that it will seek to enforce the patent in litigation against JackThreads at some future, albeit unspecified, date.

46.      For at least the reasons alleged above, the '970 Patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, one or more of §§ 101, 102, 103, and 112.  In particular, the claims are anticipated or obvious in view of prior art not considered by the USPTO.  Further, the claims are directed to ineligible abstract ideas and thus fail to meet the requirements of § 101.

47.      JackThreads seeks and is entitled to a declaratory judgment that all claims in the '970 Patent are invalid.

## COUNT III
## Declaratory Judgment of Non-infringement of the '299 Patent

48.     JackThreads re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

49.     A concrete and immediate controversy has arisen between the parties regarding infringement of the '299 Patent and JackThread's obligation, if any, to pay Shipping for rights in the patent.  Shipping has indicated that it will seek to enforce the patent in litigation against JackThreads at some future, albeit unspecified, date.

50.     For at least the reasons alleged above, JackThreads has not infringed, induced others to infringe, or contributed to the infringement by others of the '299 Patent.

51.     JackThreads seeks and is entitled to a declaratory judgment that neither it nor its online ordering platform infringe or have infringed under 35 U.S.C. § 271 (or any sub-section thereof) either Claim 79 or any other claim of the '299 Patent.

## COUNT IV
## Declaratory Judgment of Patent Invalidity of the '299 Patent

52.     JackThreads re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

53.     A concrete and immediate controversy has arisen between the parties regarding infringement of the '299 Patent and JackThread's obligation, if any, to pay Shipping for rights in the patent.  Shipping has indicated that it will seek to enforce the patent in litigation against JackThreads at some future, albeit unspecified, date. The '299 Patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, one or more of §§ 101, 102, 103, and 112.  In particular, the claims are anticipated or

obvious in view of prior art not considered by the USPTO.  Further, the claims are directed to ineligible abstract ideas and thus fail to meet the requirements of § 101.

54.     JackThreads seeks and is entitled to a declaratory judgment that all claims in the '299 Patent are invalid.

**COUNT V**
**Declaratory Judgment of Non-infringement of the '207 Patent**

55.     JackThreads re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

56.     A concrete and immediate controversy has arisen between the parties regarding infringement of the '207 Patent and JackThread's obligation, if any, to pay Shipping for rights in the patent.  Shipping has indicated that it will seek to enforce the patent in litigation against JackThreads at some future, albeit unspecified, date.

57.     For at least the reasons alleged above, JackThreads has not infringed, induced others to infringe, or contributed to the infringement by others of the '207 Patent.

58.     JackThreads seeks and is entitled to a declaratory judgment that neither it nor its online ordering platform infringe or have infringed under 35 U.S.C. § 271 (or any sub-section thereof) either Claim 5 or any other claim of the '207 Patent.

**COUNT VI**
**Declaratory Judgment of Patent Invalidity of the '207 Patent**

59.     JackThreads re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

60.     A concrete and immediate controversy has arisen between the parties regarding infringement of the '207 Patent and JackThread's obligation, if any, to pay Shipping for rights in the patent.  Shipping has indicated that it will seek to enforce the patent in litigation against

JackThreads at some future, albeit unspecified, date.  The '207 Patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, one or more of §§ 101, 102, 103, and 112.  In particular, the claims are anticipated or obvious in view of prior art not considered by the USPTO.  Further, the claims are directed to ineligible abstract ideas and thus fail to meet the requirements of § 101.

61.     JackThreads seeks and is entitled to a declaratory judgment that all claims in the '207 Patent are invalid.

**COUNT VII**
**Declaratory Judgment of Non-infringement of the '359 Patent**

62.     JackThreads re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

63.     A concrete and immediate controversy has arisen between the parties regarding infringement of the '359 Patent and JackThread's obligation, if any, to pay Shipping for rights in the patent.  Shipping has indicated that it will seek to enforce the patent in litigation against JackThreads at some future, albeit unspecified, date.

64.     For at least the reasons alleged above, JackThreads has not infringed, induced others to infringe, or contributed to the infringement by others of the '359 Patent.

65.     JackThreads seeks and is entitled to a declaratory judgment that neither it nor its online ordering platform infringe or have infringed under 35 U.S.C. § 271 (or any sub-section thereof) either Claim 41 or any other claim of the '359 Patent.

**COUNT VIII**
**Declaratory Judgment of Patent Invalidity of the '359 Patent**

66.     JackThreads re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

67.     A concrete and immediate controversy has arisen between the parties regarding infringement of the '359 Patent and JackThread's obligation, if any, to pay Shipping for rights in the patent.  Shipping has indicated that it will seek to enforce the patent in litigation against JackThreads at some future, albeit unspecified, date. The '359 Patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, one or more of §§ 101, 102, 103, and 112.  In particular, the claims are anticipated or obvious in view of prior art not considered by the USPTO.  Further, the claims are directed to ineligible abstract ideas and thus fail to meet the requirements of § 101.

68.     JackThreads seeks and is entitled to a declaratory judgment that all claims in the '359 Patent are invalid.

## REQUEST FOR RELIEF

WHERFORE, JackThreads respectfully requests the Court to enter judgment in its favor and against Shipping as follows:

1.     that neither JackThreads nor its accused e-commerce systems infringe or have infringed under 35 U.S.C. § 271 (or any subsection thereof) any claim of the four asserted Shipping patents;

2.     that the four asserted Shipping patents and each of their claims are invalid;

3.     awarding JackThreads costs and reasonable attorneys' fees incurred in connection with this action; and

4.     for such other and further relief as the Court deems just and proper.

Dated:        February 1, 2016            Respectfully submitted

                                          McCARTER & ENGLISH, LLP

                                          By: _____

                                          James Donoian (JD9052)
                                          McCarter & English, LLP
                                          245 Park Avenue
                                          New York, New York 10167
                                          Tel: (212) 609-6800
                                          Fax: (212) 609-6921
                                          jdonoian@mccarter.com

                                          Erik Paul Belt
                                          Wyley Proctor
                                          McCarter & English, LLP
                                          265 Franklin Street
                                          Boston, Massachusetts  02110
                                          Tel: (617) 449-6500
                                          Fax: (617) 607-9200
                                          ebelt@mccarter.com
                                          wproctor@mccarter.com